UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FERNANDO RODRIGUEZ MORELL** | **CASE NO. 25-cv-1651 SEC P** |
| -vs- | **JUDGE DRELL** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

Before the court is Petitioner Fernando Rodriguez Morell's ("Petitioner") "Motion for Order to Show Cause Under 28 U.S.C. § 2243" filed by Fernando Rodriguez Morell ("Petitioner"). Petitioner, a citizen of Mexico who entered the United States in or around 2009, was apprehended by Immigration and Customs Enforcement ("ICE") on or about August 29, 2025. Currently, Petitioner is detained by ICE and being held at River Correctional Facility in Ferriday, Louisiana. Petitioner claims that his continued detention is unlawful and requests the court issue and order directing Respondents to file a return on the instant motion.

Petitioner's show cause motion cites 28 U.S.C. § 2243, which provides in pertinent part:

> A court, justice or judge entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

(Id.) Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." Danforth v. Minnesota, 552 U.S. 264, 278 (2008). More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's

discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018)[1]; see also Taylor v. Gusman, 20-CV-449, 2020 WL 1848073 (E.D. La Apr. 13, 2020). Accordingly, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or…[may] take other action" in its discretion. See Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation. See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. Apr. 8, 2008) (Allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. Aug. 15, 2008) (same).

Requiring a response to the pending habeas petition within three days increases the risk of a ruling that inadequately addresses the issues due to evolving or unknown facts. Both parties will be better served by a ruling based on the correct facts and applicable law, rather than a quick one. A 30-day response deadline to conduct a meaningful investigation is warranted, commonplace, and reasonable under Rule 4. See Romero v. Cole, No. 1:16-CV-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), report and recommendation adopted, 2016 WL 2844013 (collecting cases). Accordingly,

IT IS ORDERED that the motion "Motion for Order to Show Cause Under 28 U.S.C. § 2243" is DENIED. It is further

---

[1] Under Rule 1(b), the Rules Governing § 2255 Cases also apply to § 2241 cases. See Hickey v. Adler, 2008 WL 835764, *2 (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D. W.Va. 1997); see also Taylor v. Gusman, 20-CV-449, 2020 WL 1848073, at *1 (E.D. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241."

ORDERED that Respondents shall file an answer to the Petition (Doc. 1) within 30 days. It is further

ORDERED that Petitioner shall have 10 days following the filing of Respondents' answer to produce contradictory evidence on the issue of the lawfulness of his detention.

THUS DONE AND SIGNED at Alexandria, Louisiana this 18th day of November 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT